# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Opternative, Inc., Respondent,

v.

South Carolina Board of Medical Examiners and the South Carolina Department of Labor, Licensing & Regulation, Defendants,

and South Carolina Optometric Physicians Association, Defendants-Intervenors,

of which South Carolina Optometric Physicians Association is the Petitioner.

Appellate Case No. 2021-000818

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

---

Opinion No. 28106
Submitted August 10, 2022 – Filed August 24, 2022

---

## AFFIRMED

---

Kirby Darr Shealy, III, and Luke M. Allen, both of Adams and Reese LLP, of Columbia, for Petitioner.

William C. Wood, Jr., of Columbia, and Miles Edward Coleman, of Greenville, both of Nelson Mullins Riley & Scarborough, LLP; and Robert J. McNamara and Joshua A. Windham, of the Institute for Justice, of Arlington, Virginia, admitted pro hac vice, for Respondent.

---

**PER CURIAM:** Petitioner, the South Carolina Optometric Physicians Association, seeks a writ of certiorari to review the court of appeals opinion in *Opternative, Inc. v. S.C. Bd. of Med. Examiners*, 433 S.C. 405, 859 S.E.2d 263 (Ct. App. 2021). We grant the petition, dispense with briefing, and affirm, with clarification, the court of appeals' determination that Opternative, Inc. has constitutional standing to challenge the constitutionality of the Eye Care Consumer Protection Law.[1]

Standing is "a fundamental prerequisite to instituting an action." *Youngblood v. S.C. Dep't of Soc. Servs.*, 402 S.C. 311, 317, 741 S.E.2d 515, 518 (2013). Whether a party has standing, however, is a separate question from whether that party will prevail on the merits. *See Pres. Soc'y of Charleston v. S.C. Dep't of Health & Env't Control*, 430 S.C. 200, 215–16, 845 S.E.2d 481, 489 (2020) (stating it is error to confuse standing and the merits such that a party must prove it will prevail on the merits in order to establish standing). In the context of constitutional standing, any discussion of the three elements required for constitutional standing—injury in fact, causal connection, and redressability—is not an analysis of the merits of the underlying action. *See Pres. Soc'y of Charleston*, 430 S.C. at 210, 845 S.E.2d at 486 (summarizing the three elements of constitutional standing). Rather, an analysis of constitutional standing is solely an analysis of the allegations the plaintiff made in the complaint. *See Carnival Corp. v. Historic Ansonborough Neighborhood Ass'n*, 407 S.C. 67, 76–77, 753 S.E.2d 846, 851 (2014) (analyzing only the plaintiffs' allegations before concluding they lacked standing). Accordingly, the decision of the court of appeals as to standing should in no way be construed as a comment on the merits of the action. *See Pres. Soc'y of Charleston*, 430 S.C. at 219, 845 S.E.2d at 491 (emphasizing "that our decision as to standing should in no way be construed as a signal of our view of the merits of the issues").

---

[1] *See* S.C. Code Ann. §§ 40-24-10 to -20 (Supp. 2021).

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**